NOXELL CORPORATION, et al., Appellants,

v.

FIREHOUSE NO. 1 BAR–B–QUE RES-TAURANT, d/b/a San Francisco Fire-house Station No. 1, Inc., et al.

NOXELL CORPORATION, et al.,

v.

FIREHOUSE NO. 1 BAR–B–QUE RES-TAURANT, d/b/a San Francisco Fire-house Station No. 1, Inc., et al., Appel-lants,

Peter Lyons, d/b/a Firehouse No. 1 Bar-B-Que Restaurant.

Nos. 84–5167, 84–5196.

United States Court of Appeals, District of Columbia Circuit.

Order Filed Oct. 11, 1985.

Order Published Oct. 22, 1985.

As Amended Oct. 22, 1985.

George T. Mobille and Robert W. Adams, Washington, D.C., were on the Suggestion for Rehearing En Banc.

ON SUGGESTION FOR REHEARING EN BANC

(771 F.2d 521)

Before ROBINSON, Chief Judge, WRIGHT, WALD, MIKVA, EDWARDS, GINSBURG, BORK, SCALIA and STARR, Circuit Judges.

Statement by Circuit Judge WALD.

Statement by Circuit Judge STARR.

ORDER

The suggestion for rehearing *en banc* of appellants/cross-appellees Noxell Corpora-tion, et al., has been circulated to the full Court and no member has requested the taking of a vote thereon. Upon considera-tion of the foregoing, it is

ORDERED, by the Court *en banc*, that the suggestion is denied.

WALD, Circuit Judge:

Because of the relative infrequency of trademark litigation in our circuit and in light of our present extremely limited judi-cial resources, I am not calling for an *en banc* of this decision, although I continue to believe, for the reasons expressed in my dissent, that it does not represent a correct construction of the applicable law or prece-dents.

STARR, Circuit Judge:

The panel decision in this case creates an unnecessary chink in the armor of the American Rule with respect to attorneys' fees, a settled principle roundly reaffirmed by the Supreme Court in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In doing so, the result seems to me at odds with the teaching fairly to be derived from the Supreme Court's decisions in *Hanra-han v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 67 (1980), and *Ruckel-shaus v. Sierra Club*, 463 U.S. 680, 688, 103 S.Ct. 3274, 3279, 77 L.Ed.2d 938 (1983). To be a "prevailing party," a litigant must win something *on the merits*. To be sure, Firefighter English and his barbecue busi-ness in San Francisco have won a not in-considerable victory in rebuffing Noxell's effort to litigate this case a continent away from the Golden State; but the die of this litigation is not yet cast. We have no in-kling whatever as to the ultimate disposi-tion on the merits of Noxell's trademark infringement action when that case is re-filed, as Noxell represents that it intends to do, in the Northern District of California. Corrected Petition for Rehearing at 8 n. 3. Until we do, my reading of *Hanrahan* and *Ruckelshaus* persuades me that we should, in the specific statutory setting of the Lan-ham Act, abstain from giving the already-boiling pot of attorneys' fees litigation yet another stir.