774 F.2d 1180
 249 U.S.App.D.C. 211
 NOXELL CORPORATION, et al., Appellants,
v.
FIREHOUSE NO. 1 BAR-B-QUE RESTAURANT, d/b/a San Francisco
Firehouse Station No. 1, Inc., et al.
NOXELL CORPORATION, et al.,
v.
FIREHOUSE NO. 1 BAR-B-QUE RESTAURANT, d/b/a San Francisco
Firehouse Station No. 1, Inc., et al., Appellants,
Peter Lyons, d/b/a Firehouse No. 1 Bar-B-Que Restaurant.
 Nos. 84-5167, 84-5196.
 United States Court of Appeals,
District of Columbia Circuit.
 Order Filed Oct. 11, 1985.
Order Published Oct. 22, 1985.
As Amended Oct. 22, 1985.
 
 Appeals from the United States District Court for the District of Columbia (Civil Action No. 83-03087).
 George T. Mobille and Robert W. Adams, Washington, D.C., were on the Suggestion for Rehearing En Banc.
 ON SUGGESTION FOR REHEARING EN BANC
 (771 F.2d 521)
 Before ROBINSON, Chief Judge, WRIGHT, WALD, MIKVA, EDWARDS, GINSBURG, BORK, SCALIA and STARR, Circuit Judges.
 
 
 1
 Statement by Circuit Judge WALD.
 
 
 2
 Statement by Circuit Judge STARR.
 
 ORDER
 
 3
 The suggestion for rehearing en banc of appellants/cross-appellees Noxell Corporation, et al., has been circulated to the full Court and no member has requested the taking of a vote thereon. Upon consideration of the foregoing, it is
 
 
 4
 ORDERED, by the Court en banc, that the suggestion is denied.
 
 WALD, Circuit Judge:
 
 5
 Because of the relative infrequency of trademark litigation in our circuit and in light of our present extremely limited judicial resources, I am not calling for an en banc of this decision, although I continue to believe, for the reasons expressed in my dissent, that it does not represent a correct construction of the applicable law or precedents.
 
 STARR, Circuit Judge:
 
 6
 The panel decision in this case creates an unnecessary chink in the armor of the American Rule with respect to attorneys' fees, a settled principle roundly reaffirmed by the Supreme Court in Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In doing so, the result seems to me at odds with the teaching fairly to be derived from the Supreme Court's decisions in Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 67 (1980), and Ruckelshaus v. Sierra Club, 463 U.S. 680, 688, 103 S.Ct. 3274, 3279, 77 L.Ed.2d 938 (1983). To be a "prevailing party," a litigant must win something on the merits. To be sure, Firefighter English and his barbecue business in San Francisco have won a not inconsiderable victory in rebuffing Noxell's effort to litigate this case a continent away from the Golden State; but the die of this litigation is not yet cast. We have no inkling whatever as to the ultimate disposition on the merits of Noxell's trademark infringement action when that case is refiled, as Noxell represents that it intends to do, in the Northern District of California. Corrected Petition for Rehearing at 8 n. 3. Until we do, my reading of Hanrahan and Ruckelshaus persuades me that we should, in the specific statutory setting of the Lanham Act, abstain from giving the already-boiling pot of attorneys' fees litigation yet another stir.